1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

DEBORAH M. MCLEAN,

Case No. C06-5508 RBL

11

Plaintiff,

12

v.

ORDER

13

TETRA TECH EC, INC., a Delaware
corporation, and TETRA TECH FW, INC.,

14

15

Defendants.

16

17

THIS MATTER comes on before the above-entitled Court upon Defendants' Summary Judgment

18

Motion Based on Statute of Limitations [Dkt. #15].

19

Having considered the entirety of the records and file herein, the Court rules as follows:

20

This is a personal injury case upon which the Court has diversity jurisdiction.  Defendants removed the

21

case from Kitsap County Superior Court to this Court on September 6, 2006.  The removal was based upon

22

plaintiff's August 11, 2006 Amended Complaint which for the first time named Tetra Tech EC, Inc. and Tetra

23

Tech FW, Inc. (hereinafter "Tetra Tech") as defendants.[1]  Because plaintiff failed to file against Tetra Tech

24

within the applicable three-year statute of limitations and does not show excusable neglect for her failure,

25

defendant's motion for summary judgment will be GRANTED.

26

27

28

[1] According to the Declaration of Peter Borg filed as part of the Notice of Removal [Dkt. #1], Tetra Tech  EC, Inc. and Tetra Tech FW, Inc. are the same company,.  Therefore, the Court will hereafter refer to defendant in the singular.

## BACKGROUND

Plaintiff was employed by Skookum Educational Programs.  Tetra Tech had a contract with the United States Navy for a project at Jackson Park Housing Complex, a housing facility for Navy families. On or about April 17, 2003 Tetra Tech subcontracted brush clearing and trash pickup to Skookum. [Decl. of Andrew N. Bolt, Exh. B, Dkt. #17].  On May 28, 2003, plaintiff slipped on a ramp leading to a Sani-kan portable toilet, breaking her leg and ankle.  The Sani-kan was rented by Tetra Tech for the use of Skookum employees.

On or about March 24, 2006 plaintiff filed her original complaint in Kitsap County Superior Court naming as defendants Foster Wheeler Environmental Corporation and Skookum Educational Programs. On May 5, 2006 the Superior Court granted Skookum's CR 12 motion and dismissed them as a party defendant.  On July 13, 2006 Foster Wheeler filed a motion for summary judgment arguing that they had assigned by novation their contract with the Navy to Tetra Tech in March, 2003,[2] and, as such, were not a proper party to plaintiff's lawsuit. [Borg Decl., Exh. D, Dkt. #1].  On August 11, 2006 the Superior Court granted Foster Wheeler's motion and granted plaintiff's motion to amend her complaint to add Tetra Tech. [Borg Decl., Exhs.. F and H].  On September 6, 2006 Tetra Tech removed the case to this Court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other

---

[2]Tetra Tech purchased the assets of Foster Wheeler including the contract with the Navy for the Jackson Complex project. [Bolt Decl., Exh. A; Decl. of Jennifer Baetge, Exh. 5, Dkt. #18].

1   words, "summary judgment should be granted where the nonmoving party fails to offer evidence from

2   which a reasonable [fact finder] could return a [decision] in its favor."  *Triton Energy*, 68 F.3d at 1220.

3                                                    **ANALYSIS**

4          Washington's three-year statute of limitations applies to this case.  Plaintiff alleges in her Amended

5   Complaint that the accident occurred on May 28, 2003.  The statute therefore ran on May 28, 2006.

6   Because plaintiff did not file against Tetra Tech until August 11, 2006 the issue is whether plaintiff's filing

7   against Tetra Tech relates back to the filing of her original complaint.  The Amended Complaint was filed

8   in Kitsap County Superior Court before this case was removed to this Court; therefore, Washington law

9   controls this issue.  *See Anderson v. Allstate Insurance Company*, 630 F.2d 677, 682 (9th Cir. 1980).

10         In Washington, relation back of amendments to pleadings is governed by CR15(c).    CR15(c)

11  provides:

12            Whenever the claim or defense asserted in the amended pleading arose out
              of the conduct, transaction, or occurrence set forth or attempted to be set
13            forth in the original pleading, the amendment relates back to the date of the
              original pleadings.  An amendment changing the party against whom a claim
14            is asserted relates back if the foregoing provision is satisfied and, within the
              period provided by law for commencing the action against him, the party to
15            be brought in by amendment (1) has received such notice of the institution
              of the action that he will not be prejudiced in maintaining his defense on the
16            merits, and (2) knew or should have known that, but for a mistake
              concerning the identity of the proper party, the action would have been
17            brought against him.

18  The Washington Supreme Court has added the further requirement that the failure to join the proper party

19  must also be the result of excusable neglect.  *North Street Ass'n v. Olympia*, 96 Wash.2d 359 (1981);

20  *South Hollywood Hills Citizens Ass'n v. King County*, 101 Wash.2d 68 (1984).  Plaintiff bears the burden

21  of proof on the relation back issue as well as the burden to show that her failure to timely name the proper

22  party was excusable.  *Foothills Development Co. v. Clark County Bd. of County Commissioners*, 46

23  Wash. App. 369, 375 (1986).

24         Recently, Division II of the Washington Court of Appeals has addressed this issue in a case whose

25  facts are similar to this case.  In *Teller v. APM Terminals Pacific, Ltd.,* 134 Wash. App. 696 (2006), the

26  court held that the "inexcusable neglect" requirement applies when a plaintiff misidentifies a defendant and

27  attempts to use the relation back rule to correct their mistake.  *Teller*, 134 Wash. App, at 708-711.  The

28  court reversed the superior court and found that plaintiff's failure to name the correct defendant was

1  inexcusable. *Id.* The error was inexcusable because defendant APM Terminals identity was a matter of

2  public record, *see Haberman v. Wash. Public Power Supply System*, 109 Wash.2d 107, 174 (1988), a large

3  sign existed on the property where the injury occurred identifying APM Terminals as the operator, and that

4  the landowner's website provided information that APM Terminals operated the site. *Teller*, 134 Wash.

5  App. at 707-708.

6      Here, defendant has come forward with evidence, unrebutted by plaintiff, that their identity was a

7  matter of public record, that a large sign indicating that the site was a Tetra Tech project was posted on the

8  property as early as the summer of 2003, and that phone calls to the numbers listed in the phone book for

9  Foster Wheeler and numbers posted at the site were answered identifying the business as Tetra Tech. [Bolt

10  Decl., ¶10, 12].

11      Plaintiff offers no evidence that these facts are incorrect. Plaintiff merely states that her counsel's

12  secretary did an internet search for Tetra Tech on July 31, 2006[3] and found links to Foster Wheeler,

13  thereby arguing that Tetra Tech and Foster Wheeler are one in the same. However, this search was done

14  after the statute had run, and as one of the documents attached to Ms. Baetge's declaration demonstrates,

15  Tetra Tech purchased the assets of Foster Wheeler on March 7, 2003. [Decl. of Jennifer Baetge, Exh. 5,

16  Dkt. #18]. Therefore, had plaintiff's counsel performed any investigation prior to filing this lawsuit, he

17  would have easily found the correct defendant. *Teller*, 134 Wash. App. at 707 ("Moreover, the cases that

18  have found 'inexcusable neglect' have generally considered the actions of the party's attorney, who is

19  presumably charged with researching and identifying all parties who must be named in an action, and with

20  verifying information that is available as a matter of public record.")

21      Plaintiff also argues that serving Foster Wheeler tolls the statute as to all other defendants, citing

22  *Sidis v. Brodie Dohrmann, Inc.,* 117 Wash.2d 325 (1991). *Sidis* does not apply, however, to a case such

23  as this where the proper defendant was not named until after the statute of limitations expired. *See Teller*,

24  134 Wash. App. at 715.

25

26

27

28      [3]The declaration states that the search was done on "July 31, 2007." However, it is clear that the search was performed on July 31, 2006.

ORDER
Page - 4

1    The court's ruling in this matter creates a seemingly harsh result: the dismissal of what may be a

2    viable claim on behalf of a woman who was just trying to earn a living and who was injured through the

3    apparently negligent acts of a contractor.  However, statutes of limitations exist to prevent stale lawsuits

4    and to provide finality of litigation.  Attorneys have a duty to investigate and name the proper parties in

5    order that this result does not occur.  Defendant's Summary Judgment Motion Based on Statute of

6    Limitations [Dkt. #14] is **GRANTED.**

7        **IT IS SO ORDERED.**

8        The Clerk shall send uncertified copies of this order to all counsel of record, and to any party

9    appearing pro se.

10    Dated this 31st day of May, 2007.

11

12    _____
      RONALD B. LEIGHTON
13    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 5